# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MILWAUKEE ELECTRIC TOOL CORPORATION, | )<br>)<br>) |
| Plaintiff, | ) Case No. _____ |
| v. | )<br>) JURY TRIAL DEMANDED |
| CHERVON NORTH AMERICA, INC. | ) |
| Defendant. | )<br>) |

## COMPLAINT

Plaintiff Milwaukee Electric Tool Corporation, by its counsel, Michael Best & Friedrich LLP, alleges as follows:

## NATURE AND BASIS FOR ACTION

1. This action is for (1) federal trademark infringement, false designation of origin, and unfair competition under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)) and (2) common law trademark infringement and unfair competition, all arising from Defendant's infringement of Plaintiff's rights in its SHOCKSHIELD trademark.

## THE PARTIES

2. Plaintiff Milwaukee Electric Tool Corporation ("Milwaukee Tool") is a Delaware corporation located at 13135 West Lisbon Road, Brookfield, Wisconsin 53005.

3. Upon information and belief, Defendant Chervon North America, Inc. ("Chervon") is a Delaware corporation located at 1203 East Warrenville Road, Naperville, Illinois 60563.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this action under 15 U.S.C. §§ 1116 and 1121 and 28 U.S.C. §§ 1331 and 1338(a) and (b). Jurisdiction over the state common law claims is also appropriate under 28 U.S.C. § 1376(a) and principles of supplemental jurisdiction.

5. This Court has personal jurisdiction over Chervon because Chervon's principal place of business is in this District, Chervon transacts business in this District, and upon information and belief Chervon committed acts of infringement in this District.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (d) because Chervon is located in and is subject to personal jurisdiction in this District.

**FACTS**

*Milwaukee Tool and its SHOCKSHIELD Trademark*

7. Since 1924, Milwaukee Tool has been an industry-leading manufacturer of power tools and hand tools.

8. Since at least as early as 2017, Milwaukee Tool has used the distinctive trademark SHOCKSHIELD to identify an innovative vibration-reducing tool grip. One example of Milwaukee Tool's use of SHOCKSHIELD is below:



9. True and correct copies of website advertising depicting Milwaukee Tool's use of SHOCKSHIELD in connection with the vibration-reducing feature of its tools are attached hereto as **Exhibit 1**.

10. Milwaukee Tool's tools with the SHOCKSHIELD grip are advertised on its website, www.milwaukeetool.com, and also advertised and sold online and in stores by major U.S. retailers such as The Home Depot.

11. Milwaukee Tool used the SHOCKSHIELD mark extensively throughout the United States and made substantial sales of goods under the SHOCKSHIELD mark. As a result of this continuous use and promotion, the SHOCKSHIELD mark developed and represents valuable goodwill inuring to the benefit of Milwaukee Tool.

12. As a result of its widespread, continuous, and exclusive use of the SHOCKSHIELD mark to identify the vibration-reducing feature of its tools and Milwaukee Tool as their source, Milwaukee Tool owns valid and subsisting rights in SHOCKSHIELD.

### *Defendant's Unlawful Activities*

13. On January 26, 2021, Nanjing Chervon Industry Co. Ltd. ("Nanjing Chervon") filed intent-to-use Application No. 90488544 with the U.S. Patent & Trademark Office seeking to register the identical mark SHOCKSHIELD for "power tools, namely, power-operated saws, impact wrenches, grinders, sanders, polishers, scrapers; oscillating electric power tools for cutting sawing sanding, rasping, grinding, and scraping" in Class 7 ("the '544 Application").

14. Upon information and belief, Nanjing Chervon is an affiliated company of Chervon.

15. Chervon is using the SHOCKSHIELD mark to identify a vibration-reducing feature of power tools in its FLEX line of products.

16. A product listing from www.lowes.com showing Chervon's infringing use of the SHOCKSHIELD mark is attached hereto as **Exhibit 2**.

17. As shown in **Exhibit 2**, the product description states, in part:

> - SHOCKSHIELD™ VIBRATION SUPPRESSION - Up to 40% less vibration for maximum control

18. Chervon is selling multiple tools bearing the SHOCKSHIELD mark in addition to the reciprocating saw shown in **Exhibit 2**, including at least a rotary hammer, an oscillating multi-tool kit, a high torque impact wrench kit, and a variable speed angle grinder.

19. A press release advertising the Chervon products is attached hereto as **Exhibit 4** and establishes that Chervon uses the SHOCKSHIELD mark in connection with a line of tools, one which is shown in **Exhibit 2**.

20. On April 12, 2021, Chervon released a video in connection with the launch of its tools, including tools featuring Chervon's SHOCKSHIELD mark. The video can be found at https://www.flexpowertools.com/faceoff-post.

21. The Chervon video, which is over an hour long, makes substantial use of the SHOCKSHIELD mark.

22. Chervon's SHOCKSHIELD mark is identical to Milwaukee Tool's SHOCKSHIELD mark and is used in connection with identical goods, i.e., tools with vibration-reducing features.

23. As shown in **Exhibits 2 and 4**, Chervon uses SHOCKSHIELD in connection with tools sold at Lowe's, a big box retailer in direct competition with The Home Depot where Milwaukee Tool sells its goods bearing the SHOCKSHIELD mark.

24. The parties' goods are marketed and sold in the same trade channels.

25. The parties' goods are marketed and sold to the same consumers or class of consumers.

26. Both parties' tools, including tools with vibration-reducing features, are marketed and sold to tool purchasers and users.

27. Because the parties' marks are identical, are used in connection with the same goods (i.e., tools with vibration-reducing features), and are sold through the same trade channels to the same consumers, consumers are likely to believe that Chervon's goods originate from Milwaukee Tool or are otherwise endorsed, sponsored, or approved by Milwaukee Tool, resulting in a likelihood of confusion in the marketplace and damage to Milwaukee Tool.

28. Chervon's use of SHOCKSHIELD infringes Milwaukee Tool's trademark rights.

29. On information and belief, Chervon's infringement is willful because it was done with knowledge of Milwaukee Tool's trademark rights.

30. On March 22, 2021, Milwaukee Tool's counsel sent a cease and desist letter to Chervon's counsel objecting to Chervon's use of SHOCKSHIELD. A true and correct copy of the letter is attached hereto as **Exhibit 3**.

31. Chervon did not comply with Milwaukee Tool's demands to refrain from any use of SHOCKSHIELD and withdraw the '544 Application.

32. Chervon's infringement is willful in that it launched its FLEX line of products using the SHOCKSHIELD mark and made substantial use of the SHOCKSHIELD mark in its promotional video, despite actual knowledge of Milwaukee Tool's rights in the SHOCKSHIELD mark.

33. Chervon's acts, unless enjoined, will continue to cause damage and immediate irreparable harm to Milwaukee Tool and to its valuable reputation and goodwill with the consuming public for which Milwaukee Tool has no adequate remedy at law.

## COUNT ONE
### Federal Trademark Infringement, False Designation of Origin, and Unfair Competition under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a))

34. Milwaukee Tool realleges and reincorporates the foregoing paragraphs as though fully set forth herein.

35. Chervon's unauthorized use of Milwaukee Tool's SHOCKSHIELD mark is likely to cause confusion, mistake, or deception as to the source or origin of Chervon's goods, or suggest an affiliation, connection, or association between Chervon's goods with Milwaukee Tool, or the approval of Chervon's goods by Milwaukee Tool, and thus constitutes trademark infringement, false designation of origin, and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

36. Milwaukee Tool is irreparably harmed by Chervon's actions and the damage and irreparable harm will continue unless Chervon's conduct is enjoined by this Court.

37. Milwaukee Tool has no adequate remedy at law.

38. Milwaukee Tool is entitled to, among other relief, injunctive relief and an award of actual damages, Chervon's profits, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act (15 U.S.C. §§ 1116, 1117) together with prejudgment and post-judgment interest.

## COUNT TWO
### Common Law Trademark Infringement And Unfair Competition

39. Milwaukee Tool realleges and reincorporates the foregoing paragraphs as though fully set forth herein.

40. Chervon's acts as alleged herein constitute common law trademark infringement and unfair competition under the laws of the State of Illinois.

41. Chervon's acts as alleged herein took place with full knowledge of Milwaukee Tool's SHOCKSHIELD mark and, therefore, were intentional, deliberate, and willful.

42. Chervon's acts as alleged herein irreparably harmed and will, unless enjoined, continue to irreparably harm Milwaukee Tool.

## JURY DEMAND

Milwaukee Tool demands a trial by jury on all matters and issues triable by jury.

## PRAYER FOR RELIEF

WHEREFORE, Milwaukee Tool respectfully requests the following relief:

1. A judgment against Chervon and in favor of Milwaukee Tool:

    a. that Chervon violated Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and

    b. that Chervon committed common law trademark infringement and unfair competition under the laws of the State of Illinois.

2. An injunction preliminarily and permanently enjoining Chervon, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise, from:

      a.      manufacturing, distributing, providing, selling, marketing, advertising, promoting, or authorizing any third party to manufacture, distribute, provide, sell, market, advertise, or promote tools bearing the SHOCKSHIELD mark, any mark incorporating the SHOCKSHIELD mark, or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Milwaukee Tool's SHOCKSHIELD mark;

      b.      engaging in any activity that infringes Milwaukee Tool's rights in its SHOCKSHIELD mark;

      c.      engaging in any activity constituting unfair competition with Milwaukee Tool;

      d.      registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the SHOCKSHIELD mark, or any other mark that infringes or is likely to be confused with Milwaukee Tool's SHOCKSHIELD mark for tools;

      e.      aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (d).

3.      An order:

      a.      granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Chervon are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Milwaukee Tool or constitute or are connected with Milwaukee Tool's goods and services;

b. directing Chervon to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of all tools and any packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials therefor, that feature or bear SHOCKSHIELD or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Milwaukee Tool's SHOCKSHIELD mark;

c. directing Chervon to immediately remove the video at https://www.flexpowertools.com/faceoff-post and to eliminate all use of the SHOCKSHIELD mark in all promotional videos or other advertising material;

d. directing Chervon to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the United States (including but not limited to Lowe's) to cease the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any goods prohibited by sub-paragraph (b);

e. directing that Chervon recall and deliver up for destruction all goods prohibited by sub-paragraph (b);

f. directing Chervon to cause U.S. Trademark Application No. 90488544 to be abandoned with prejudice;

g. directing Chervon to cause to be abandoned any applications to register marks consisting of or incorporating SHOCKSHIELD, or any other mark that infringes or is likely to be confused with Milwaukee Tool's SHOCKSHIELD mark for tools and/or any vibration-reducing feature thereof on any state or federal trademark registry;

h. directing Chervon, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), to file with the Court and serve upon Milwaukee Tool's counsel within thirty

9

(30) days after service on Chervon of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Chervon has complied therewith;

        i. awarding Milwaukee Tool an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a));

        j. directing that Chervon account to and pay over to Milwaukee Tool all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Milwaukee Tool for the damages caused thereby;

        k. awarding Milwaukee Tool punitive and exemplary damages as the court finds appropriate to deter any future willful infringement;

        l. declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), and awarding Milwaukee Tool its costs and reasonable attorneys' fees thereunder;

        m. awarding Milwaukee Tool interest, including prejudgment and post-judgment interest, on the foregoing sums; and

        n. awarding such other and further relief as the Court deems just and proper.

| | |
|---|---|
| Dated this 20th day of April, 2021. | Respectfully submitted,<br><br>**MICHAEL BEST & FRIEDRICH LLP**<br><br>By:    */s/ Shane A. Brunner*<br>      Shane A. Brunner, #6269468<br>      One South Pinckney Street, Suite 700<br>      Madison, WI  53703<br>      Phone:  608.257.3501<br>      Fax:  608.283.2275<br>      Email:   sabrunner@michaelbest.com<br><br>      Melanie J. Reichenberger, Wis. No. 1061510<br>      790 N. Water Street, Suite 2500<br>      Milwaukee, WI  53211<br>      Phone:  414.27.6560<br>      Fax:  414.277.0656<br>      Email:   mjreichenberger@michaelbest.com<br><br>      Carolyn E. Isaac, #6324095<br>      444 W. Lake St., Suite 3200<br>      Chicago, IL 60606<br>      Telephone:  312.222.0800<br>      Fax:  312.222.0818<br>      Email:   ceisaac@michaelbest.com<br><br>*Pro Hac Vice Admission to be Sought:*<br><br>Laura M. Konkel, Wis. Bar No. 107880<br>One South Pinckney Street, Suite 700<br>Madison, WI  53703<br>Phone:  608.257.3501<br>Fax:  608.283.2275<br>Email:   lmkonkel@michaelbest.com<br><br>***Attorneys for Plaintiff Milwaukee Electric Tool Corporation*** |